IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| FRED FRANKLIN ALEXANDER | § | |
| v. | § | CIVIL ACTION NO. 6:07cv274 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Fred Alexander, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Alexander was convicted of the disciplinary offense of being out of place on March 17, 2006. As punishment, he received 30 days of cell restriction and 30 days of commissary restriction, but lost no good time.

Alexander filed a Step One grievance appeal on March 27, 2006, which was denied, and then a Step Two appeal, which was denied on June 8, 2006. He signed his federal habeas corpus petition on June 5, 2007, asserting that he was denied due process because he was given a disciplinary case which was false, and he was denied the right to call witnesses at the hearing.

After review of Alexander's petition, the Magistrate Judge issued a Report on June 15, 2007, recommending that the petition be dismissed. The Magistrate Judge first concluded that the statute of limitations had expired, giving Alexander credit for the time that his grievances were pending, and then determined that Alexander had failed to show the deprivation of a constitutionally

1

Dockets.Justia.com

protected liberty interest under <u>Sandin v. Conner</u>, 115 S.Ct. 2293 (1995). Alexander filed objections to the Magistrate Judge's Report on June 28, 2007.

In his objections, Alexander sets out the statute of limitations and quotes the Fifth Circuit as saying that the limitations period for a case begins to run when the decision is rendered, not when the grievance process is completed, and that the grievance process serves to toll the limitations period during the pendency of the grievances. <u>Kimbrell v. Cockrell</u>, 311 F.3d 361, 363 (5th Cir. 2002). Although Alexander concedes that he was convicted on March 17 and did not file his grievance until March 27, he nonetheless asserts, without explanation, that the ten-day period between these dates should be tolled. This is contrary to the case law which Alexander quotes; the Fifth Circuit specifically held that the grievance process tolls the limitations period during the pendency of the grievances, and the record shows that Alexander's grievances were tolled between the time that he filed his Step One grievance, which was March 27, until the time that his Step Two grievance was decided, which was June 8, 2006. Alexander in effect argues that the limitations period should begin when the grievance process is completed, the very position which the Fifth Circuit rejected in <u>Kimbrell</u>. The Magistrate Judge accurately computed the limitations period and Alexander's objection on this point is without merit.

In his second point, Alexander cites a pre-<u>Sandin</u> case from the Southern District of Texas to say that prisoners have a fundamental right not to have state officials make intentionally false statements about them. <u>United States v. Wallace</u>, 673 F.Supp. 205, 207 (S.D.Tex. 1987). In <u>Sandin</u>, however, the Supreme Court set out an analytical framework under which the nature of the deprivation imposed was the operative interest involved. In this case, as explained by the Magistrate Judge, the deprivations involved did not exceed Alexander's sentence in such an unexpected manner as to give rise to the Due Process Clause by their own force, nor did they impose atypical or significant hardships upon him in relation to the ordinary incidents of prison life. *See* <u>Malchi v. Thaler</u>, 211 F.3d 953, 959 (5th Cir. 2000). Alexander's argument essentially asserts that prisoners can evade the Supreme Court's holding in <u>Sandin</u> by the simple expedient of asserting that the

charges against them were false, thereby violating the claimed "fundamental right" not to have false charges lodged against them.  As noted above, <u>Wallace</u> is a pre-<u>Sandin</u> case and thus has little, if any, precedential value.  Alexander's objection on this basis is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, and the Petitioner's objections thereto.  Upon such review, the Court has determined that the Magistrate Judge's Report is correct and that the Petitioner's objections are without merit.   It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice.  It is further

ORDERED that the Petitioner Fred Alexander is hereby DENIED a certificate of appealability *sua sponte*.  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 3rd day of July, 2007.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE